UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Manvel Lee Brown, | ) | Civil Action No.8:14-1902-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Greenwood County Jail; Head Nurse Donna or Donald NLN at GWD SC; Lt Luke Lark; Captain Sharon Middleton, | ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Plaintiff Manvel Lee Brown ("Plaintiff") proceeding pro se filed this action pursuant to 42 U.S.C. § 1983 against the Greenwood County Jail; Head Nurse Donna or Donald NLN at GWD SC; Lt Luke Lark; and Captain Sharon Middleton, ("Defendants") alleging his constitutional rights were violated during his detention at the Greenwood County Jail based on deliberate indifference to his safety and serious medical needs. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight.

      On May 27, 2014, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge recommended that this case be summarily dismissed without service of process as to the Greenwood County Jail because Plaintiff fails to state a claim on which relief may be granted against it as it is well settled that only a "person" may act under color of state law. Additionally, the Magistrate Judge explained that to the extent Plaintiff may be attempting to bring suit against Greenwood County, his claim fails to state a claim on which relief may be granted as he does not allege that the county had an official policy or custom that caused Plaintiff's injuries.

The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 16.) However, he has not done so and objections were due on June 13, 2014. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

In light of the standard set forth above, the court has carefully reviewed the record for clear error. Finding no clear error, the court adopts and incorporates the Report and Recommendation (ECF No. 16) by reference into this order. It is therefore ORDERED that the Greenwood County Jail is summarily DISMISSED from this action without prejudice and without service of process.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 16, 2014