IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Manvel Lee Brown, | ) | Civil Action No.: 8:14-01902-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Head Nurse Donna or Donald at | ) | |
| GWD, SC; Lt. Luke Lark; Captain | ) | |
| Sharon Middleton, | ) | |
| | ) | |
| Defendants.[1] | ) | |

Plaintiff brought this action pro se, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On May 19. 2014, the Court issued an Order directing Plaintiff to bring the case into proper form and advising Plaintiff of his duty to keep the Court informed of his current address. [Doc. 9.] On May 27, 2014, the Court authorized service of process upon Defendants Head Nurse Donna or Donald at GWD, SC ("Defendant Nurse"); Lt. Luke Lark; and Captain Sharon Middleton. [Doc. 15.] Defendant Nurse filed a motion to dismiss for failure to prosecute and/or for summary judgment on August 1, 2014. [Doc. 33.] In the motion, Defendants argue the case should be dismissed for failure to prosecute and/or to comply with the Court's Order to keep the Clerk advised in writing of any changes in address because mailings to Plaintiff at his address on record with the Court have been returned as "undeliverable, not at this facility." [Doc. 33-3 at 2.] On August 4, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to Defendant's motion. [Doc. 34.] On August 14, 2014, the *Roseboro*

---

[1]Greenwood County Jail was dismissed from the action on June 16, 2014. [Doc. 20.]

Order was returned to the Court as undeliverable, marked "Return to Sender/Not Deliverable As Addressed/ Unable to Forward." [Doc. 36.] As of the date of this Order, Plaintiff has failed to advise the Court of any change in his address.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not

a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address. The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline. [Doc. 9 at 30.] Despite this explanation, Plaintiff has elected not to update his address and, as a result, has not received any filings in this case since a lease min-June. [Doc. 27 (mail returned as undeliverable on June 21, 2014), Doc. 36 (mail returned as undeliverable on August 9, 2014).] Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends  motion to dismiss and/or for summary judgment  by Defendant Nurse be GRANTED and that the Complaint be DISMISSED as to all Defendants.[2]

---

[2]The Court is aware that the time limit to respond to Defendant Nurse's motion has not expired; however, the Court sees no reason to delay ruling on the motion. Plaintiff has not received the motion and the Court has no way to ensure its delivery without an updated address. As stated. Plaintiff was informed he was required to notify the Court of any changes of address and has not done so. Plaintiff has not filed any documents with the Court since he brought the case into proper form in May 2014. Plaintiff has not received any mail from the Court since June 24, 2014. Accordingly, the Court recommends the Complaint be dismissed as to all Defendants for failure to prosecute and failure to comply with court orders.

IT IS SO RECOMMENDED.

s/ Jacquelyn D. Austin
United States Magistrate Judge

August 25, 2014
Greenville, South Carolina